UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: _____, Judge

| | |
|---|---|
| STANLEY BLACK & DECKER, INC. and STANLEY FASTENING SYSTEMS, L.P., <br><br>Plaintiffs, <br><br>v. <br><br>UNITED STATES; U.S. CUSTOMS & BORDER PROTECTION; and MARK A. MORGAN, ACTING COMMISIONER of U.S. CUSTOMS & BORDER PROTECTION, <br><br>Defendants. | Court No. 20-3821 |

## COMPLAINT

Plaintiffs Stanley Fastening Systems, L.P. ("Stanley Fastening Systems") and Stanley Black & Decker, Inc. ("SBD") (collectively "Stanley") bring this action through their attorneys and allege as follows:

## CAUSE OF ACTION

1. This is a civil action for relief in the form of mandamus, as authorized by 28 U.S.C. § 2643(c)(1). Plaintiffs seek a writ of mandamus from the Court compelling U.S. Customs & Border Protection ("CBP" or "Customs") to (a) reliquidate entries of certain steel nails from The People's Republic of China that were produced and exported by The Stanley Works (Langfang) Fastening Systems Co., Ltd. ("Stanley (Langfang)") and sold to or imported by The Stanley Works or Stanley Fastening Systems during the period January 23, 2008 through July 31, 2009, in accordance with this Court's decision and judgment in *Certain Steel Nails from*

1

*The People's Republic of China. See The Stanley Works (Langfang) Fastening Systems Co., Ltd. and The Stanley Works/Stanley Fastening Systems L.P. v. United States,* Slip OP. 18-134 October 5, 2018 and the U.S. Department of Commerce's revised final results of administrative review for that period, *Certain Steel Nails from The People's Republic of China: Notice of Court Decision Not In Harmony With the Final Results of the First Antidumping Duty Administrative Review and Notice of Amended Final Results of the First Antidumping Duty Administrative Review*, 83 Fed. Reg. 63474 (Dep't Commerce Dec. 10, 2018) ("*Timken Notice*"), and (b) refund all cash deposits of antidumping duties made by Stanley in excess of the final results of administrative review as sustained by the Court, with interest, as provided by law.

## JURISDICTION

2. This action arises out of laws of the United States providing for administration and enforcement of tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue. This Court therefore has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(4).

3. This Court previously had exercised jurisdiction over the entries that are the subject of this matter in a proceeding brought under 28 U.S.C. § 1581(c), pursuant to which the Court remanded the Final Results of the Department of Commerce's first administrative review of the antidumping duty order against Certain Steel Nails from The People's Republic of China three times before it sustained Commerce's Second Redetermination on Remand and directed that all relevant entries were "to be liquidated in accordance with the final disposition in this action." *Id. See The Stanley Works (Langfang) v. U.S., supra*, and associated judgment.

4. Following the Court's decision and judgment, Commerce published notice that it was amending the Final Results of the first administrative review to reflect a dumping margin for Stanley (Langfang) of 15.43 percent. *Timken Notice*, 83 Fed. Reg. 63474.

5. Reflecting the Court's decision and the *Timken Notice*, on May 21, 2019 Commerce issued business proprietary instructions to CBP directing CBP to lift the suspension of liquidation of entries of nails exported by Stanley (Langfang) and sold to or imported by The Stanley Works or Stanley Fastening Systems during the period January 23, 2008 through July 31, 2009 and to liquidate such entries at assessment rates consistent with the *Timken Notice*. Customs Administrative Message No. 9141306, dated May 21, 2019.

6. Notwithstanding the judgment of the Court, Commerce's *Timken Notice*, and Administrative Message No. 9141306, on June 28, 2019, August 2, 2019, January 31, 2020, and February 7, 2020 CBP liquidated "as entered" entries of nails manufactured and exported by Stanley (Langfang) and sold to or imported by The Stanley Works or Stanley Fastening Systems during the period January 23, 2008 through July 31, 2009, rather than at the rate determined by the Court's proceeding, without providing the refunds appropriate pursuant to the *Timken Notice*. Stanley's subject entries for the period have now been unlawfully liquidated and lawful refunds have not been paid.

7. This action is brought in accordance with 28 U.S.C. 2636(i) within two years of the date on which the cause of action first accrued.

8. The Court has jurisdiction under 28 U.S.C. § 1581(i)(4) to review whether CBP's liquidations were in accord with the judgment of the Court, Commerce's *Timken Notice*, and Administrative Message No. 9141306.

## **THE PARTIES**

9. Plaintiff Stanley Fastening Systems L.P. is the importer of record of the nails which are the subject of this action, deposited the contested estimated antidumping duties, and is a real party in interest.

10. Plaintiff Stanley Black & Decker, Inc. is the successor in interest to The Stanley Works. It is the corporate parent of both the manufacturer/exporter, Stanley (Langfang) and Stanley Fastening Systems, L.P., and is a real party in interest.

11. Defendant United States is the Federal Defendant.

12. Defendant Mark Morgan is the Acting Commissioner, U.S. Customs & Border Protection, a component agency of the U.S. Department of Homeland Security. He is sued in his official capacity only.

## **STANDING**

13. During the period January 2008 through July 2009, The Stanley Works or Stanley Fastening Systems was the importer of record of nails manufactured and exported by Stanley (Langfang). At that time, both Stanley (Langfang) and Stanley Fastening System were wholly-owned subsidiaries of The Stanley Works, a publicly traded U.S. corporation.

14. Throughout the relevant period Stanley Fastening Systems imported nails from China using the Importer of Record Number of its parent, The Stanley Works.

15. In early 2010, Black & Decker Corporation merged with The Stanley Works, with the latter being the surviving entity under the name Stanley Black & Decker, Inc. SBD is thus the successor in interest to The Stanley Works. Stanley Fastening Systems remains as a wholly-owned subsidiary of SBD. SBD continues to use the Importer of Record Number of its predecessor, The Stanley Works.

16.     Stanley Fastening Systems and SBD have standing to bring this action under the Administrative Procedure Act ("APA").  The APA states that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof." 5 U.S.C. § 702. Stanley Fastening Systems and SBD are entitled to judicial review because they have been – and continue to be – adversely affected and aggrieved by CBP's failure to implement correctly the judgement of the Court, Commerce's *Timken Notice*, and Administrative Message No. 9141306.

## BACKGROUND

17.     In July 2007, Commerce initiated an antidumping duty investigation against Certain Steel Nails from the People's Republic of China.  *Certain Steel Nails from The People's Republic of China and the United Arab Emirates: Initiation of Antidumping Duty Investigations* 72 Fed. Reg. 38816 (Dep't Commerce July 16, 2007).

18.     Although it was a manufacturer of subject nails in China, Stanley (Langfang) was not named as a mandatory respondent in Commerce's antidumping duty investigation.  Instead, it was assigned the margin calculated by Commerce for "Separate Rates" applicants that had demonstrated that they were free from ownership or control by Chinese government entities.  As a result, Stanley was initially required to deposit estimated antidumping duties at a rate of 29.36 percent as the importer of Stanley (Langfang)'s nails. *Certain Steel Nails from The People's Republic of China: Preliminary Determination of Sales at Less Than Fair Value and Partial Determination of Critical Circumstances and Postponement of Final Determination*, 73 Fed. Reg. 3928 (Dep't Commerce Jan. 23, 2008). Two weeks later Commerce amended the preliminary estimated duty deposit rate to 19.12 percent. *Certain Steel Nails from The People's Republic of China: Amended Preliminary Determination of Sales at Less Than Fair Value*, 73

Fed. Reg 7254 (Dep't Commerce Feb. 7, 2008).  Commerce revised the estimated duty deposit rate a third time, to 21.24 percent, when it published the Final Determination in its antidumping duty investigation on June 16, 2008. *Certain Steel Nails from The People's Republic of China: Final Determination of Sales at Less Than Fair Value and Partial Affirmative Determination of Critical Circumstances*, 73 Fed. Reg. 33977 (Dep't Commerce June 16, 2008).

19.     Confident that Stanley (Langfang)'s actual dumping margin for the January 2008 through July 2009 period would be lower than the estimated duty deposits required for the period, Stanley (Langfang) and Stanley Fastening Systems L.P. requested an administrative review of Stanley (Langfang).

20.     Over the course of this first administrative review, Stanley (Langfang) was named as a mandatory respondent, submitted timely responses to Commerce's questionnaires, and had its responses successfully verified by Commerce.  After Commerce corrected a ministerial error in its dumping margin calculation, Stanley (Langfang) received a final dumping margin for the January 2008 through July 2009 period of 10.63 percent. *Certain Steel Nails From the People's Republic of China: Final Results of First Antidumping Administrative Review*, 76 Fed. Reg. 16,379 (Dep't Commerce, Mar. 23, 2011), amended by *Certain Steel Nails From the People's Republic of China: Amended Final Results of the First Administrative Review*, 76 Fed. Reg. 23,279 (Dep't Commerce, Apr. 26, 2011).

21.     Stanley (Langfang) and Stanley Fastening Systems, as well as other interested parties, requested judicial review of Commerce's final results of this first administrative review. In the course of that litigation, the Court remanded the Final Results of the First Administrative Review to Commerce three times.  In its Second Redetermination on Remand, Commerce calculated a dumping margin for Stanley (Langfang) of 15.43 percent.  This Second

Redetermination was sustained by the Court. In that context, the Court directed that all entries of nails made and exported by Stanley (Langfang) and sold to or imported by The Stanley Works or Stanley Fastening Systems were "to be liquidated in accordance with the final disposition in this action." *The Stanley Works (Langfang) Fastening Systems, supra*.

22. On December 10, 2018, Commerce published its *Timken Notice* in which it stated that Stanley (Langfang)'s dumping margin for entries during the January 2008 through July 2009 period was 15.43 percent. *Certain Steel Nails from The People's Republic of China: Notice of Court Decision Not In Harmony With the Final Results of the First Antidumping Duty Administrative Review, supra*, 83 Fed. Reg. 63474, 63477. Thus, Stanley (Langfang)'s actual dumping margin for the relevant period was substantially lower than the 29.36 percent, 19.12 percent, and 21.24 percent estimated duty deposits that Stanley made at various points in time during the period.

23. On May 21, 2019 Commerce issued business proprietary instructions to CBP directing CBP to lift the suspension of liquidation of entries of nails exported by Stanley (Langfang) and sold to or imported by The Stanley Works or Stanley Fastening Systems during the period January 23, 2008 through July 31, 2009 and to liquidate such entries at assessment rates consistent with the *Timken Notice*. Customs Administrative Message No. 9141306, dated May 21, 2019. Pursuant to this message, Customs should have issued substantial refunds of estimated antidumping duties to Stanley.

24. Contrary to Commerce's instructions, the Court's decision, and Commerce's *Timken Notice*, on June 28, 2019, August 2, 2019, January 31, 2020, and February 7, 2020 CBP liquidated review period entries of nails exported by Stanley (Langfang) "as entered," thereby denying to Stanley the refunds of excess antidumping duties to which it was due.

25.     Thus, CBP unlawfully assessed antidumping duties against entries made by Stanley during the period January 23, 2008 through July 31, 2009.  It did so in direct contravention of the judgment of the Court, Commerce's *Timken Notice*, and Administrative Message No. 9141306, and thereby denied to Stanley Fastening Systems's parent, SBD, the estimated duty deposit refunds mandated by the *Timken Notice*.

26.     Because Stanley Fastening Systems and SBD understood that CBP was bound and required to follow the mandates of the Court's decision, Commerce's *Timken Notice*, and administrative message 9141306, and to liquidate the review period entries "as entered" without appropriate refunds, CBP's liquidation of the entries was not discovered until September 2020.

## STATEMENT OF CLAIM

27.     The allegations of paragraphs 1-21 are incorporated by reference and restated as if fully set forth herein.

28.     The APA authorizes the Court to hold unlawful and set aside agency action that is "(A) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; {or} (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

29.     CBP's failure to liquidate Stanley's entries as required by the judgment of the Court, Commerce's *Timken Notice*, and Administrative Message No. 9141306, unlawfully denying SBD the refunds of excess estimated duty deposits to which it was entitled, was arbitrary, capricious, and otherwise not in accordance with law.  Moreover, CBP's liquidation of Stanley's review period entries contrary to the Court's decision, Commerce 's *Timken Notice*, and the administrative message was without observance of procedure required by law

30. Stanley Fastening Systems and SBD have no remedy other than to petition this Court to issue an order compelling CBP to reliquidate the entries of nails from China exported by Stanley (Langfang) and sold to or imported by The Stanley Works or Stanley Fastening Systems during the period January 23, 2008 through July 31, 2009 in accordance with Commerce's *Timken Notice*, and Administrative Message No. 9141306, and to refund all excess antidumping duty cash deposits, with interest, as required by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(1) Issuance of a Writ of Mandamus directing U.S. Customs & Border Protection within 30 days to (a) reliquidate all entries of nails from China manufactured and exported by Stanley (Langfang) and sold to or imported by The Stanley Works or Stanley Fastening Systems L.P. during the period January 23, 2008 and July 31, 2009 in accordance with Commerce's *Timken Notice*, and Administrative Message No. 9141306, and to refund all excess antidumping duty cash deposits, with interest, as required by law; and

(2) Such other additional relief as this Court may deem just and proper.

                                                   Respectfully submitted,

                                                   */s/ Lawrence J. Bogard*
                                                   _____
                                                   Lawrence J. Bogard
                                                   Neville Peterson LLP
                                                   1400 16th Street. N.W., Suite 350
                                                   Washington, D.C.  20036
                                                   (202) 776-1150
                                                   Attorney for Plaintiffs

November 2, 2020